```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                       WESTERN DISTRICT OF MISSOURI
                            SOUTHERN DIVISION

UNITED STATES OF AMERICA,      ) Case No. 17-03013-01-CR-S-SRB
                               )
          Plaintiff,           ) Springfield, Missouri
                               ) March 22, 2017
v.                             )
                               )
RAY JACKSON,                   )
                               )
          Defendant.           )
_____)

             TRANSCRIPT OF HEARING ON CHANGE OF PLEA
                BEFORE THE HONORABLE DAVID P. RUSH
                  UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Ms. Ami Harshad Patel Miller<br>Assistant United States Attorney<br>901 St. Louis St., Ste. 500<br>Springfield, MO  65806<br>(417) 831-4406 |
| For the Defendant: | Ms. Ann M. Koszuth<br>Federal Public Defender's Office<br>901 St. Louis St., Ste. 800<br>Springfield, MO  65806<br>(417) 873-9022 |
| Court Audio Operator: | Mr. C. Steve Burch |
| Transcribed by: | Rapid Transcript<br>Lissa C. Whittaker<br>1001 West 65th Street<br>Kansas City, MO  64113<br>(816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

(Court in Session at 9:01 a.m.)

THE COURT: Calling in *United States vs. Ray Jackson*. The defendant appears in person along with his attorney, Ms. Ann Koszuth. The United States appears by Assistant United States Attorney, Ms. Ami Miller. This matter is set this morning for a change of plea to Counts One of the Indictment returned against the defendant on January 18th of 2017, pursuant to a written Plea Agreement. Mr. Jackson, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the Government establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to confront and cross-examine witnesses. You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose. And if you chose not to testify it would not be held against you as that is your right. If, after understanding the charges against you, the range of punishment, if convicted, and your right to appear before a District Judge, if you wish, you may

waive or give up that right and proceed this morning before the Magistrate Judge. As I indicated, you have signed such a consent. Do you understand that you have a right to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings?

MR. JACKSON: Yes.

THE COURT: And is it your desire to give up that right and proceed this morning before the Magistrate Judge?

MR. JACKSON: Yes.

THE COURT: Do you understand the charge against you in Count One of the Indictment in this case?

MR. JACKSON: Yes.

THE COURT: Do you understand that if convicted of the charge in Count One, that the maximum penalty the court may impose is not more than 10 years imprisonment, not more than a $250,000 fine, not more than three years supervised release, and a $100 mandatory special assessment?

MR. JACKSON: Yes.

THE COURT: To the charge in Count One, how do you wish to plead, guilty or not guilty?

MR. JACKSON: Guilty.

THE COURT: Would you please raise your right hand?

RAY JACKSON, DEFENDANT, SWORN

THE COURT: Has anyone made any threat of any kind to force you to plead guilty or give up any of the other rights

1  we've discussed this morning?
2          MR. JACKSON:  No.
3          THE COURT:  You've signed a Plea Agreement.  Have you
4  read that agreement and gone over it with Ms. Koszuth?
5          MR. JACKSON:  Yes.
6          THE COURT:  Do you understand what's in it?
7          MR. JACKSON:  Yes.
8          THE COURT:  Other than what is contained in the Plea
9  Agreement, has anyone made any promise of any kind to induce you
10 or overcome your will to get you to plead guilty or give up any
11 of the other rights we've discussed?
12         MR. JACKSON:  No.
13         THE COURT:  I mentioned to you that there was a
14 supervised release term of not more than three years that could
15 be imposed in your case.  Do you understand that if that term
16 were imposed and then revoked for any reason, that you could be
17 required to serve an additional term of imprisonment of not more
18 than two years, and if that happened, you would receive no credit
19 for any other time you had spent either in custody or on release?
20         MR. JACKSON:  Yes.
21         THE COURT:  Do you understand that the Court could then
22 impose an additional term of supervised release, which is
23 governed by the maximum of the statute, minus any time you'd
24 spent in custody as a result of a violation?
25         MR. JACKSON:  Yes.

1   THE COURT: Do you understand that from a sentence
2  imposed in your case that there is no parole?
3   MR. JACKSON: Yes.
4   THE COURT: Do you understand that there are Sentencing
5  Guidelines to which the District Court would refer to in an
6  advisory capacity when attempting to fashion a reasonable
7  sentence in your case?
8   MR. JACKSON: Yes.
9   THE COURT: Now, there are guideline calculations in
10 your Plea Agreement. Have you discussed the guidelines with Ms.
11 Koszuth?
12   MR. JACKSON: Yes.
13   THE COURT: And do you understand them?
14   MR. JACKSON: Yes.
15   THE COURT: Do you understand that the final decision as
16 to how the guidelines are calculated and ultimately what sentence
17 will be imposed rests with the District Judge?
18   MR. JACKSON: Yes.
19   THE COURT: If the District Judge would calculate the
20 guidelines differently from what is in the Plea Agreement, from
21 what you've discussed with your attorney, that fact would not
22 give you the right to withdraw or change your plea of guilty. Do
23 you understand that?
24   MR. JACKSON: Yes.
25   THE COURT: Once the District Judge establishes the

1  advisory guideline range, in some circumstances, you could be
2  sentenced above that range and, in other circumstances, you could
3  be sentenced below that range.  And again, the judge's decision,
4  if you disagreed, would not give you the right to withdraw your
5  plea of guilty.  Do you understand that?
6        MR. JACKSON:  Yes.
7        THE COURT:  And, Mr. Jackson, you have a right to a
8  trial by jury with all the protections that I explained to you at
9  the beginning of these proceedings.  Do you understand your right
10 to a trial by jury?
11       MR. JACKSON:  Yes.
12       THE COURT:  And do you understand that if the court
13 accepts your plea of guilty, that there won't be a trial?
14       MR. JACKSON:  Yes.
15       THE COURT:  I'm going to ask you about the offense
16 charged in Count One of the Indictment.  I would remind you that
17 you are under oath.  You must answer truthfully.  Any false
18 answers could result in charges of false swearing or perjury.
19 You always have the right to remain silent.  And I want to refer
20 you to your Plea Bargain Agreement, specifically on page 2,
21 Section 3 or Paragraph, which is entitled in bold **Factual Basis**
22 **for Guilty Plea**.  Have you read Section 3 or Paragraph 3 and gone
23 over it with Ms. Koszuth?
24       MR. JACKSON:  Yeah.  Yes.
25       THE COURT:  And are the statements contained in Section

1  3 true?
2      MR. JACKSON: Yes.
3      THE COURT: Ms. Koszuth, you've had access to the
4  Government's discovery file in this case, have you not?
5      MS. KOSZUTH: Yes, Your Honor.
6      THE COURT: And based upon your review of the discovery
7  file, are you satisfied if put to proof, that the United States
8  could make a submissible case as to all the elements pertaining
9  to Count One of the Indictment as set forth in Section 3?
10     MS. KOSZUTH: Yes, Your Honor.
11     THE COURT: There is an adequate factual basis for the
12 plea of guilty to Count One. I find that the plea is voluntary
13 and did not result from force, threats or promises other than
14 those set forth in the Plea Agreement. I want to -- was that
15 Paragraph 10, Ms. Koszuth, that you indicated that you all had
16 made an amendment to?
17     MS. KOSZUTH: It is Paragraph 16, Subsection (g) on page
18 10, Your Honor.
19     THE COURT: Oh. And I just wanted to make sure -- yeah,
20 Mr. Jackson, I think that paragraph initially said a special
21 assessment of $200, but as I've already asked you and you've
22 indicated you understand, it's been amended by interlineation to
23 reflect that it's only $100.
24     MR. JACKSON: Yes.
25     THE COURT: All right. Mr. Jackson, you have been

8

1  represented in this case by Ms. Koszuth. Have you had enough
2  time to talk with her about your case?
3         MR. JACKSON: Yes.
4         THE COURT: And are you satisfied with the advice that
5  she's given you?
6         MR. JACKSON: Yes.
7         THE COURT: The law requires me to ask you if this
8  morning you are on any medication prescribed by a physician or
9  any drugs or alcohol of any kind which would affect your ability
10 to understand these proceedings?
11        MR. JACKSON: No.
12        THE COURT: The Plea Bargain Agreement that you've
13 signed contains what we refer to as an appeal waiver. And it is
14 set forth in Paragraph 15 on page 9 and I want to refer you to
15 that section. Paragraph 15 is entitled in bold **Waiver of**
16 **Appellate and Post-Conviction Rights**. Have you read Paragraph 15
17 and gone over it with Ms. Koszuth?
18        MR. JACKSON: Yes.
19        THE COURT: Do you understand that by signing this Plea
20 Agreement that you've given up those rights to appeal as set
21 forth in Paragraph 15?
22        MR. JACKSON: Yes.
23        THE COURT: Understanding that and the other matters
24 that we've discussed this morning, is it your desire for the
25 Court to accept the plea of guilty?

1     MR. JACKSON: Yes.
2     THE COURT: Ms. Miller, on behalf of the United States,
3  do you have any other record under Rule 11 that you think I need
4  to make?
5     MS. MILLER: No, Your Honor.
6     THE COURT: Ms. Koszuth, on behalf of the defendant, do
7  you have any other record under Rule 11 that you think I need to
8  make?
9     MS. KOSZUTH: No, Your Honor.
10    THE COURT: I will recommend the plea of guilty be
11 accepted and I will order a Presentence Investigation to be
12 conducted by the Probation Office. Mr. Jackson, good luck to
13 you, sir. With that, we'll be in recess.
14              (Court Adjourned at 9:09 a.m.)

10

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker     March 27, 2017
Signature of transcriber          Date